25-414-cr (L)
United States v. Grayson

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-six.

PRESENT: BARRINGTON D. PARKER,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                  Nos. 25-414-cr (L);
25-416-cr (CON)

MARK GRAYSON,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:   DANIEL S. NOBLE (Melissa C. Danzo, Ross H. Gitlin, *on the brief*), KKL LLP, New York, NY

FOR APPELLEE:   VARUN GUMASTE (Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY

Appeals from judgments of the United States District Court for the Southern District of New York (Jennifer L. Rochon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Mark Grayson appeals from two judgments entered February 14, 2025 by the United States District Court for the Southern District of New York (Rochon, *J.*).[1]  The first convicted Grayson, following a jury trial, of possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and sentenced him principally to a term of 33 months' imprisonment. The second judgment convicted Grayson of violating one of the conditions of his

---

[1] On April 9, 2025 the District Court entered an amended judgment correcting a clerical error in the judgment convicting Grayson of violating a condition of his supervised release.  The correction has no bearing on this appeal.

2

supervised release and sentenced him to a term of 14 months' imprisonment,

with seven months to run concurrently with his 33-month sentence.[2] On appeal,

Grayson challenges the sufficiency of the evidence supporting his conviction

under § 922(g)(1) as well as several of the District Court's evidentiary rulings.

We assume the parties' familiarity with the underlying facts and the record of

prior proceedings, to which we refer only as necessary to explain our decision to

affirm.

## I.     Sufficiency of the Evidence

We review Grayson's challenge to the sufficiency of the evidence

supporting the felon-in-possession count of conviction "*de novo* and must affirm

if the evidence, when viewed in its totality and in the light most favorable to the

[G]overnment, would permit any rational jury to find the essential elements of

the crime beyond a reasonable doubt." *United States v. Calderon*, 785 F.3d 847, 850

(2d Cir. 2015) (citation modified). At Grayson's trial, two Government witnesses,

Officers Alcantara and Wright of the New York City Police Department

---

[2] The District Court found by a preponderance of the evidence that Grayson violated the terms of his supervised release by possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1). On appeal, Grayson challenges the judgment convicting him of violating his supervised release only by challenging his § 922(g)(1) conviction. Because we reject Grayson's challenges to his § 922(g)(1) conviction, we also affirm the District Court's judgment convicting him of violating his supervised release.

("NYPD"), testified that they saw Grayson toss an object near a park gate as they pursued him. App'x 323–29, 492–98. After two other NYPD officers caught Grayson, Officers Alcantara and Wright searched the area near the gate and recovered a firearm. App'x 327–34, 494–500. The Government then introduced evidence that the firearm tested positive for Grayson's DNA. Viewing this evidence in the light most favorable to the Government, we readily conclude that a reasonable jury could have found beyond a reasonable doubt that Grayson possessed a firearm in violation of § 922(g)(1). *See United States v. Lewis*, 62 F.4th 733, 745 (2d Cir. 2023).

## II. Evidentiary Rulings

Grayson also challenges several of the District Court's evidentiary rulings. We address them in turn.

First, Grayson argues that the District Court abused its discretion under Rule 403 of the Federal Rules of Evidence ("FRE") when it precluded his cross-examination of Government witnesses about the fact that he was tased in the head during the chase and subsequently hospitalized. We are unpersuaded. We will overturn a district court's decision to exclude evidence only if the district court acted "arbitrarily or irrationally." *United States v. Polouizzi*, 564 F.3d 142,

4

152 (2d Cir. 2009) (citation modified).  Evidence of the Officer's tasing leading to Grayson's hospitalization was at most minimally probative of bias by the arresting officers.  On the other hand, as the District Court explained, allowing such evidence risked "invit[ing] the jury to base its decision on the impermissible basis of sympathy" and could "confuse[] the issues and waste time."  App'x 141.  On this record, the District Court acted within its "broad discretion" under Rule 403 in precluding cross-examination on Grayson's tasing and hospitalization.  *See United States v. Walker*, 974 F.3d 193, 207 (2d Cir. 2020).

Second, Grayson argues that precluding him from cross-examining witnesses about the tasing incident also violated his rights under the Sixth Amendment's Confrontation Clause.  "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on . . . cross-examination based on concerns about . . . harassment, prejudice, confusion of the issues, . . . or interrogation that is repetitive or only marginally relevant."  *Watson v. Greene*, 640 F.3d 501, 510 (2d Cir. 2011) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).  On review, we conclude that the District Court properly exercised its wide latitude to limit cross-examination on a

collateral set of events based on the court's legitimate concerns about undue prejudice and confusion of the actual issues.

Third, Grayson argues that the District Court abused its discretion under FRE Rule 901 when it determined that Government Exhibit 714, a photograph of the lower portion of the park gate near which the firearm was recovered, had been properly authenticated. We disagree. "Rule 901 does not erect a particularly high hurdle" to the admission of evidence, *United States v. Dhinsa*, 243 F.3d 635, 658 (2d Cir. 2001) (citation modified), and a district court has "broad discretion to determine whether a piece of evidence has been properly authenticated," *United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir. 2001). Officer Wright testified that she saw the park gate on the night of Grayson's arrest and that Government Exhibit 714 was a fair and accurate representation of the gate that night. This was enough to authenticate Government Exhibit 714. *See* Fed. R. Evid. 901(b)(1). Grayson insists that Officer Wright needed also to testify that she had "inspected the bottommost portion" of the park gate or that she knew when or by whom the photograph was taken. Appellant's Br. 46. But these arguments go to the weight to be accorded to Government Exhibit 714, not to its admissibility. *See United States v. Tin Yat Chin*, 371 F.3d 31, 37–38 (2d Cir. 2004).

6

The District Court likewise did not err in allowing Officer Wright to testify that she believed that the recovered firearm could have fit underneath the park gate. Officer Wright testified that she saw both the firearm and the gate on the night of Grayson's arrest, and her testimony was sufficiently based on her perception. *See* Fed. R. Evid. 701.

Finally, Grayson argues that the District Court erred in permitting Officer Brightman, another Government witness, to offer lay opinion testimony about the likelihood of recovering fingerprints from a firearm with a mat surface. We need not decide whether the challenged testimony was admitted in error, because any error was harmless. *See* Fed. R. Crim. P. 52(a). In determining whether the challenged testimony is harmless, "[t]he principal factors . . . are the importance of the . . . testimony and the overall strength of the prosecution's case." *United States v. Dukagjini*, 326 F.3d 45, 62 (2d Cir. 2003) (citation modified). Grayson's jury summation only cursorily referred to the challenged testimony, and the Government introduced testimonial and DNA evidence tying Grayson to the recovered firearm. Accordingly, "we can conclude with fair assurance" that any error in admitting the challenged testimony "did not substantially influence the jury." *United States v. Litvak*, 808 F.3d 160, 184 (2d Cir. 2015) (citation

7

modified).  Any error in the District Court's decision to admit the challenged

testimony, in other words, was harmless.[3]

**CONCLUSION**

We have considered Grayson's remaining arguments and conclude that

they are without merit.  For the foregoing reasons, the judgments of the District

Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] We also reject Grayson's argument that the cumulative effect of the District Court's errors violated his due process rights.  To the extent Grayson identifies any errors in the District Court's evidentiary rulings, Grayson has not demonstrated that "the total effect of the errors . . . casts such a serious doubt on the fairness of the trial that the convictions must be reversed." *In re Terrorist Bombings of U.S. Embassies in E. Afr.*, 552 F.3d 93, 147 (2d Cir. 2008) (citation modified).